**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| TOM B. KIRK, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: _____ |
| | § | Jury |
| INTEGRAL DEVELOPMENT | § | |
| SOLUTIONS, L.L.C.; BENTON ODOM, | § | |
| JR.; ERIC ATCHLEY; and, MICHAEL | § | |
| TUCKER, | § | |
| *Defendants.* | § | |

**KIRK'S COMPLAINT**

Plaintiff Tom B. Kirk complains of the above-referenced Defendants, and in support would show the following:

**Nature of Suit**

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. §202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employees. 29 U.S.C. §§206(a), 207(a), 211(c).

2.      Defendants violated the FLSA by failing to pay Kirk for all hours worked at his regular rates of pay, and for failing to pay Kirk at least one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3.      Kirk brings this action pursuant to 29 U.S.C. §216(b) and the Texas Labor Code in order to recover unpaid wages and unpaid overtime wages.

**Parties**

4.      Plaintiff Tom B. Kirk is a resident of Denton County, Texas. He was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this action. In performing his duties, Kirk was engaged in commerce or in the production of goods for commerce. Kirk regularly worked in excess of forty (40) hours per week. However, Kirk was not paid for all hours worked at his regular rates of pay and/or he did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

5.      Defendant Integral Development Solutions, L.L.C. is a Louisiana limited liability company that may be served with process by serving its registered agent, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**.

6.      Defendant Benton Odom, Jr. is an individual who may be served with process at **1607 Capital Avenue, Plano, Texas 75474** or wherever he may be found.

7.      Defendant Eric Atchley is an individual who may be served with process at **1607 Capital Avenue, Plano, Texas 75474** or wherever he may be found.

8.      Defendant Michael Tucker is an individual who may be served with process at **1607 Capital Avenue, Plano, Texas 75474** or wherever he may be found.

9.      Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-

principals, agents, servants, or employees.

## Jurisdiction

10.     This Court has subject matter jurisdiction over Kirk's FLSA claim(s) by reason of 28 U.S.C. §1331 ("Federal question").

11.     This Court has subject matter jurisdiction over Kirk's Texas Labor Code claim(s) by reason of 29 U.S.C.  §1367 ("Supplemental jurisdiction").

12.     This Court has *in personam* jurisdiction over Defendants, both general and specific, because Kirk's claims arose in Texas and because Defendants are amenable to service by this Court.

## Venue

13.     Venue is proper in this judicial district and division because a substantial part of the events forming the basis of Kirk's claims for relief occurred there. 28 U.S.C. §1391(b)(2).

## Facts

14.     Defendant Integral Development Solutions, L.L.C. employs installers/technicians who perform work for Time Warner Cable (television, internet and home phone) in the Dallas, Plano, Frisco, McKinney, Allen and Richardson areas. This Defendant also does work for DirecTV but not in the DFW area. In addition to Texas, this Defendant has offices in Arizona, Oklahoma, Louisiana and Wisconsin.

15.     Defendants Benton Odom, Jr., Eric Atchley and Michael Tucker are all officers and/or directors of the managing member of Defendant Integral Development Solutions, L.L.C.  As such, they have operational control of Defendant Integral Development Solutions, L.L.C. and/or effectively dominate the limited liability company's administration or otherwise act, or have the power to act, on behalf of the limited liability company vis-a-vis its employees. This includes, but is not limited

to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

16.     Defendants are in the business of performing work for Time Warner Cable (television, internet and home phone) in the Dallas, Plano, Frisco, McKinney, Allen and Richardson areas.  In connection with their business operations, Defendants employ numerous installers/technicians to perform this work.

17.     From approximately late February 2008 through late October 2009, Kirk was employed by Defendants as an installer/technician.

18.     Kirk was responsible for performing work, on behalf of Defendants, for Time Warner Cable (television, internet and home phone) in the Dallas, Plano, Frisco, McKinney, Allen, and Richardson areas.

19.     Kirk regularly worked in excess of forty (40) hours per week.

20.     Defendants failed to pay Kirk at his regular rates of pay for all hours worked and/or at one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

21.     Instead, Defendants paid Kirk on a piece-rate basis without regard to the number of hours Kirk actually worked during each workweek. Defendants did this in violation of the FLSA. 29 C.F.R. §778.111(a) (piece-rate workers entitled to overtime).

22.     On information and belief, Defendants applied these same illegal practices to other employees.

**Kirk's Allegations**

**A.      Defendants Intentionally Misclassified Kirk as an Independent Contractor to Avoid Paying Him Overtime Wages**

23.      On information and belief, Kirk was a nonexempt employee under the guidelines of the FLSA.

24.      As a nonexempt employee, Kirk was legally entitled to be paid for all hours worked at his "regular rates" and/or at one and one-half times his "regular rates" for all hours worked in excess of forty (40)  during each seven (7) day workweek. 29 U.S.C. §§206(a), 207(a).

25.      Defendants failed to pay Kirk for all hours worked at his regular rates and/or for all hours worked in excess of forty (40) at one and one-half times his regular rates.

26.      Instead, Defendants intentionally misclassified Kirk as an independent contractor, and they paid Kirk on a piece-meal basis – regardless of the number of hours Kirk worked – in an attempt to avoid paying Kirk overtime wages as required by the FLSA. 29 C.F.R. §778.111(a).

27.      As a result of Defendants' intentional misclassification, Kirk was regularly "shorted" on his paychecks by not being paid for all hours worked at his regular rates and/or at a rate of time and one-half for hours worked in excess for forty (40).

28.      In the (unlikely) event that Defendants classified Kirk as "exempt" from overtime, Kirk was misclassified, as Defendants can show no proper exemption enumerated within the guidelines of the FLSA, as is their burden to do, to excuse them from paying Kirk full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

29.      Rather, Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of failing to pay Kirk proper regular and overtime wages.

**B.      Defendants Failed to Keep Accurate Records of Time Worked**

30.      The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c).

31.      Defendants failed to do this. Thus, in addition to the pay violations of the FLSA described hereinabove, Kirk brings this action against Defendants for failing to keep proper time records as required by the FLSA.

**C.      Defendants' Illegal Actions Were and Are Willful Violations of the FLSA**

32.      Defendants' illegal pattern or practice with respect to compensation, plus their failure to maintain accurate time records, as well as certain unlawful deductions made by them – this includes but is not limited to one occasion where Defendants refused to tender to Kirk his last paycheck – are all direct violations of the FLSA.

33.      Defendants can cite no exemption, which is their burden to do, for failing to pay Kirk at his regular rates for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

34.      Defendants have not made a good faith effort to comply with the FLSA.

35.      Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Kirk.

**Claim For Relief – Failure to Pay Wages**

36.      Kirk re-alleges and incorporates by reference all of the facts and allegation set forth hereinabove.

37.      Defendants' practice of failing to pay Kirk for all hours worked at his regular rates and/or overtime compensation at one and one-half times his regular rates for all hours worked in

excess of forty (40) per workweek is in direct violation of the FLSA. 29 U.S.C. §§206(a), 207(a).

38.     Defendants violated the FLSA, as well as the Texas Labor Code, by failing to pay Kirk his full and proper compensation.

39.     Kirk seeks payment for all hours worked at his regular rates and/or all hours worked in excess of forty (40) in an amount that is one and one-half times his regular rates of pay.

40.     Kirk seeks liquidated damages in an amount equal to his unpaid regular and overtime wages as a result of Defendants' failure to comply with the guidelines of the FLSA.

41.     Kirk seeks an award of attorney's fees, both for this action and for any and all appeals as may be necessary.

42.     Kirk seeks an award of expert witness fees incurred by him and/or his attorney in the preparation and prosecution of this action.

43.     Kirk seeks an award of postjudgment interest at the maximum legal rate.

44.     Kirk seeks any other form of relief provided by the FLSA or the Texas Labor Code.

### Jury Demand

45.     Pursuant to  FED. R. CIV. P. 38(a), Kirk requests a jury on all issues so triable.

### Request For Relief

WHEREFORE, Tom B. Kirk asks for the foregoing relief, and for all such other and further relief to which he is justly entitled.

Dated: August 3, 2011

Respectfully submitted,

/s/

By: _____

**Wade A. Forsman**
*Attorney-in-Charge*

State Bar No. 07264257
P.O. Box 918
Sulphur Springs, TX 75483-0918
Tel.: 903.689.4144 East Texas
Tel.: 972.499.4004 Dallas
Fax: 903.689.7001
forsmanlaw@verizon.net

**Attorney for Plaintiff Tom B. Kirk**